UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2008 APR 24 A 11: 21

Steven P. Lemay
15 Pleasant St
Rochester, N.H. 03867

CIVIL ACTION NO. 08-CV-157-JL

vs.

STATE OF NEW HAMPSHIRE          )
NH DEPARTMENT OF HEALTH         )
AND HUMAN SERVICES,             )
DIVISION OF CHILDREN AND        )
YOUTH AND FAMILY,               )
KRIS KEELER, Peter Brunette     )
NANCY MONTGOMERY,               )
150 Wakefield Street,           )
Rochester, N.H. 03867           )
                                )
MAGGIE BISHOP,                  )
Brown Building 4th Floor        )
Concord, N.H. 03301             )

## COMPLAINT WITH JURY DEMAND

Now comes the Plaintiff, Steven P. Lemay pro se, 15 Pleasant Street, Rochester, N.H. 03867 who states the following:

**Statement of facts.**

1. This case arose on or about October 15th 2004 when the defendants removed the plaintiff's child from his care and custody and placed the minor child into their custody without probable cause, in that the defendants did not have any proof whatsoever from a Doctor of Psychiatry or other professional, that your plaintiff was no longer fit to father his child as he had been doing so very well for the prior seven years as a single parent.

2. The defendant's unjustifiably physically removed your plaintiff's son, Steven Lemay Junior, (d/o/b August 20, 1997 from his loving care by taking the child into their custody as he was getting out of school, hence denying your plaintiff of his constitutional right to care for his child.

3. The Defendant's reason for doing so was based on the hearsay of one person from a Hospital Emergency Room in Maine who is not a doctor, and who reported to the defendant's that your petitioner was delusional.( see attachment A)

4. Your plaintiff and his immediate family took extremely great care and love for the emotional and physical needs of the minor child as a single parent for over 7 years.

5. Though there were no physical or emotional signs whatsoever with the minor child, that the plaintiff's son was being neglected in any way whatsoever, the defendant's still chose to remove him from your petitioner's care.

6. The actions by the defendant's which have denied your plaintiff from having and maintaining a loving relationship with his son on a daily basis for over three years now caused him extreme and irreversible emotional harm, pain and suffering that caused him to lose his business and home.

7. While the child was in the State's custody, Peter Brunette, the child's Guardian ad Litem filed a termination of parental rights against your

petitioner to seek custody of the minor child and to deny all visitation because he did not want your petitioner to burden the mother of the child with court hearings.

Wherefore your petitioner respectfully requests that this Honorable Court:

A. Grant a Jury Trial.

B. Order the defendant's damages in the amount of (Ten Million Dollars) for extreme emotional pain and suffering.

C. And for such other relief as may be deemed just and equitable.

Dated April 23, 2008

            Respectfully Submitted,


            _____
            Steven P. Lemay (Petitioner pro se)