**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Steven P. Lemay


  v.            Civil No. 08-cv-157-JL


State of New Hampshire, et al.

**REPORT AND RECOMMENDATION**

  Pro se plaintiff Steven P. Lemay brings this action, pursuant to 42 U.S.C. § 1983, seeking damages and equitable relief for defendants' alleged wrongful removal of his minor child from his custody (document no. 1).  Named as defendants are the State of New Hampshire, the New Hampshire Department of Health and Human Services, Division for Children, Youth and Families, Guardian Ad Litem Peter Brunette and the following individuals: Kris Keeler; Nancy Montgomery; and Maggie Bishop.

  The complaint is before me for preliminary review to determine, among other things, whether Lemay has properly invoked the subject matter jurisdiction of this court.  See United States District Court of the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(A).  For the reasons stated below, I recommend that the complaint be dismissed as time-barred.

**Standard of Review**

In reviewing a pro se complaint, this court must construe the pleadings liberally and in favor of the pro se litigant.  <u>See Ayala Serrano v. Gonzalez</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by a plaintiff and the inferences reasonably drawn therefrom must be accepted as true.  <u>See Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  <u>See Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).  I apply this standard in reviewing Lemay's complaint.

**Background**

This action stems from the alleged wrongful removal of Lemay's minor child, Steven Lemay, Jr., from his custody on October 15, 2004.  Lemay claims that his son, born on August 20, 1997, was in his custody for seven years.  As a single parent, Lemay allegedly provided his son with care and met his physical and emotional needs during that seven-year period.  When Steven

Lemay, Jr. was leaving school on October 15, 2004, defendants allegedly unjustifiably and physically removed him from his father's custody.  Lemay asserts that defendants' actions were taken in reliance upon statements made by a non-physician emergency room employee who reported that he was delusional and presumably unable to care for his child.

While Steven Lemay, Jr. was temporarily in state custody, Peter Brunette, the child's guardian ad litem, allegedly sought to terminate Lemay's parental rights, seek permanent custody of the child and deny Lemay visitation rights.  The record is silent as to the pendency of any state court and administrative proceedings.  As a result of defendants' actions, Lemay allegedly has been denied the opportunity to maintain a daily loving relationship with his son for more than three years.  In addition, defendants allegedly have caused Lemay "extreme and irreversible emotional harm, pain and suffering that caused him to lose his business and home."  Lemay now brings this action, seeking damages and equitable relief for defendants' alleged violation of his "constitutional right to care for his child."

## Discussion

Upon review of the record it is clear that Lemay's claims, arising from defendants' removal of his son from his custody on

October 15, 2004, are time-barred because of his failure to file within the statutory limitations period.

In adjudicating civil rights claims under 42 U.S.C. § 1983, federal courts borrow the statute of limitations applicable to personal injury actions under the law of the forum state.  See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); accord Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir. 2008)(citing Ruiz-Sulsona v. Univ. of P.R., 334 F.3d 157, 159 (1st Cir. 2003)). The applicable statute in this case is New Hampshire Revised Statutes Annotated § 508:4, I (2007), which establishes a three-year limitations period for personal injury actions in New Hampshire.  Under federal law, which governs the accrual of claims brought pursuant to Section 1983, a claim accrues once the aggrieved person knows, or should have reason to know, of the injury on which the action is based.  See Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997).

Here, Lemay alleges that his son was removed from his custody on October 15, 2004.  He concedes that "[t]his case arose on or about October 15, 2004 when the defendants removed the plaintiff's child from his care and custody and placed the minor child into their custody without probable cause . . ."  Thus, it appears that Lemay knew, or should have known, of his injury on

October 15, 2004 and that his claims accrued no later than that date.  Because he filed the instant complaint on April 24, 2008, after the three-year limitations period had expired for his claims, I conclude that his claims are untimely.  Lemay has demonstrated no reason why the limitations period should be tolled.  Accordingly, I recommend that his complaint be dismissed as time-barred.

## Conclusion

For the foregoing reasons, I recommend that Lemay's complaint (document no. 1) be dismissed as time-barred.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the complaint.

Any further objections to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

5

<u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: September 25, 2008

  cc: Steven P. Lemay, pro se

6